

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-28-2006

# USA v. Purdie

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2762

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Purdie" (2006). *2006 Decisions.* Paper 679.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/679

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 05-2762
_____


UNITED STATES OF AMERICA

v.

JUANTESHA PURDIE,

Appellant


_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal No. 04-cr-00050-2)
District Judge: Honorable Terrence F. McVerry
_____


Submitted Under Third Circuit LAR 34.1(a)
on May 16, 2006

Before: RENDELL, VAN ANTWERPEN and WEIS, Circuit Judges.

(Filed: July 28, 2006)


_____

OPINION OF THE COURT
_____

RENDELL, Circuit Judge.

Juantesha Purdie was convicted of bank robbery in violation of 18 U.S.C. § 2113(a). The District Court sentenced her to 37 months imprisonment, based on an advisory United States Sentencing Guidelines range as well as the other 18 U.S.C. § 3553(a) factors to be considered in light of *United States v. Booker*, 125 S. Ct. 738 (2005). The 37-month sentence imposed by the District Court lies within the guidelines range (37 to 46 months) and Purdie does not argue that the range was calculated incorrectly. On appeal, Purdie seeks remand for resentencing because the sentence imposed was unreasonable due to the District Court's inadequate consideration of the other 18 U.S.C. § 3553(a) factors, notably, 18 U.S.C. § 3553(a)(1).[1] For the reasons that follow, we will affirm.

I

On March 2, 2004 in the Western District of Pennsylvania, Purdie was indicted on two counts. Purdie was charged with conspiracy, in violation of 18 U.S.C. § 371, and with bank robbery, in violation of 18 U.S.C. § 2113(a). On August 9, 2004, she pled guilty to the bank robbery charge before the District Court and a Presentence

---

[1] We have jurisdiction pursuant to 18 U.S.C. § 3742(a)(1). See *United States v. Cooper*, 437 F.3d 324 (3d Cir. 2006). In *Cooper*, we held that an appellate court has jurisdiction to review the unreasonableness of a sentence, "whether within or outside the advisory guidelines range" pursuant to 18 U.S.C. § 3742(a)(1). *Id*. at 328.

2

Investigation Report was prepared. On October 19, 2004, Purdie filed her Position in Regard to Sentencing Factors as well as a Motion for Downward Departure on seven grounds: 1. First-Time Offender aberrant behavior; 2. Defendant's youthful lack of guidance; 3. Defendant's minimal role; 4. Defendant's lack of sophistication in committing offence (sic); 5. Impact of defendant's incarceration of minor child; 6. Defendant's remorse; and 7. Defendant's solid employment record and naivete displayed in committing offence (sic). On April 28, 2005, the District Court filed a Memorandum Order denying Purdie's Motion for Downward Departure. The Court recognized each of the seven grounds put forth by Purdie, responding to each, and concluded that, viewed together or separately, there was no justification for a downward departure.[2] Also on April 28, 2005, the District Court filed its Tentative Findings and Rulings in which it determined a guidelines range of 37 to 46 months imprisonment based on an offense level of 21 and a criminal history category of I.

At the sentencing hearing on May 10, 2005, the Court adopted its tentative findings and rulings, and the relevant findings in the presentence investigation report and addendum and imposed a sentence of 37 months imprisonment. Additionally, the Court

---

[2]After Purdie filed her Position with Regard to the Sentencing Factors and her Motion for Downward Departure, but before the Court denied the motion, the Supreme Court handed down it decision in *United States v. Booker*, 125 S. Ct. 738 (2005). The Judge highlighted the importance and effect of the decision on the instant case, and acknowledged his responsibility to now treat the guidelines as advisory and consider the other § 3553(a) factors when imposing a sentence.

ordered that Purdie pay, jointly and severally with Alexis McIntyre, who also participated in the robbery, restitution in the amount of $70,580.

II

For a sentence to be reasonable under *Booker*, "[t]he record must demonstrate the trial court gave meaningful consideration to the § 3553(a) factors," which include the range suggested by the sentencing guidelines. *United States v. Cooper*, 437 F.3d 324, 329 (3d Cir. 2006); 18 U.S.C. § 3742(a)(4). Neither party contends that, here, the District Court incorrectly calculated the sentencing guidelines range. We then consider whether the District Court gave "meaningful consideration" to the § 3553(a) factors and to "any sentencing grounds properly raised by the parties which have recognized legal merit and factual support in the record." *Id*. at 329, 332 (internal citations omitted). However, "there are no magic words that the district judge must invoke when sentencing," and the District Court need not mechanically state by rote that it has considered each of the factors when issuing a sentence. *Id*. at 332. Finally, we consider whether the District Court "reasonably applied [the § 3553(a) factors] to the circumstances of the case." *Id*. at 330. We apply a "deferential standard" in reviewing the District Court's application of the § 3553(a) factors, "[t]he trial court being in the best position to determine the appropriate sentence in light of the particular circumstances of the case," and must affirm where the District Court issued a sentence "for reasons that are logical and consistent with the factors set forth in section 3553(a)." *Id*. at 330. The party that challenges the sentence has the burden of proving that it is unreasonable. *Id*. at 332.

4

# III

Purdie argues that the sentence imposed by the District Court was unreasonable. She contends that the District Court did not adequately consider all of the 18 U.S.C. § 3553(a) factors, most notably, "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). Specifically, she claims that the Judge only considered the § 3553(a) factors in the Court's Memorandum Order in which he denied the defendant's motion for downward departure, but not during sentencing. Purdie also argues that evidence on the record with regard to § 3553(a)(1) merits a sentence that is less than what is called for by the sentencing guidelines range calculated by the District Court.

As noted above, we review sentences for reasonableness according to *Cooper*. While Purdie claims that the District Court did not sufficiently consider "the nature and circumstances of the offense and the history and characteristics of the defendant," [18 U.S.C. § 3553(a)(1)], the record of the proceedings does not support this claim. The Judge stated the following:

> We should also note having been delivered to my chambers
> just this morning three letters of recommendation on behalf of
> Miss Purdie, one from William B. Meekins, Junior, from the
> Garden City United Methodist Church; one from Calvin
> Bates, Chairman of the Ebenezer Baptist Church, Deacon
> Board; and another from Judith Bailey on behalf of Juantesha
> Purdie.
>
> The letters have all been read by the Court, and the Court
> appreciates the expressions of concern and consideration on
> behalf of Miss Purdie by these members of the community.

5

App. at 78-79.

Specifically addressing the § 3553(a) factors, the District Court added:

> In accordance with Section 3553 of the Sentencing Reform
> Act, in sentencing you, the Court has taken into consideration
> the following factors, the nature and circumstances of the
> offense as set forth in the indictment, the plea agreement, the
> plea hearing record, and the presentence investigation report,
> the history and characteristics of you, the defendant, which
> are set forth at length in the presentence investigation report,
> and which include your personal and family data, your
> physical condition, your mental an emotional health, your
> educational and vocational skills, and your employment
> record.

App. at 93-94.

> The sentence is based on the need to reflect the seriousness of
> the offense, to promote respect for the law, to provide just
> punishment for the offense, to afford adequate deterrence to
> criminal conduct, to protect the public from further crimes by
> you, and to provide you with needed educational or vocational
> training, medical care, or other correctional training,...and,
> lastly, the need to provide restitution to the victim of this
> offense.

App. at 97. We are satisfied that the Judge gave meaningful consideration to each of the

§ 3553(a) factors in Purdie's case.

Finally, we examine the application of the § 3553(a) factors to the circumstances

of Purdie's case. Before issuing the defendant's sentence, the Judge stated that he

considered imposing a sentence that was shorter than what was provided for according to

the guidelines range, but he could not justify it. He found that Purdie's conduct

demonstrated that she was "enmeshed in the criminal conspiracy" from the very onset.

6

The Judge found that Purdie had provided McIntyre with personal information about the bank manager's family and advice about how to accomplish the robbery; she did not activate the alarm and she decided to fill the bag with $70,000. App. at 78-79. The Judge imposed the minimum sentence within the sentencing guidelines range. We are convinced that the District Court effectively applied the § 3553(a) factors to the circumstances in Purdie's case.

IV

We find that the District Court has demonstrated that it meaningfully considered the necessary § 3553(a) factors and, applied them to the circumstances of the case in determining a sentence for the Defendant. We conclude that the sentence imposed by the District Court was reasonable.

For the foregoing reasons, we will affirm the judgment of the District Court.

_____

7